Longworth, J.
I concur with my brethren that judgment of ouster should be rendered, but not upon the ground set forth in the first paragraph of the syllabus; and I agree with the opinion of Judge Johnson. I only desire to add one consideration to what has been said by him.
• In construing a statute it is always well to consider the object to be attained by legislation. In this case it is evident that the object (or at least one object), was to enable trains of cars to pass continuously, without break or interruption, over the lines of road of the companies desiring to become consolidated. As the lessee companies actually operate the roads, of which they alone have possession and control, they must certainly be the owners of such lines within the contemplation of section 3379. A consolidation Of lessor companies could accomplish no conceivable practical result, seeing that they do not operate the roads, and never can, at least while the leases are in force. This drives me to the conclusion that the “ lines of road of any railroad companies” mentioned in the statute, refer to lines held under perpetual lease, where the lessee has sole possession and control of their operation, as well as to lines held and owned by title in fee simple. I concede that the title must exist in perpetuity, since the consolidated corporation will, in contemplation of law, endure forever.
*649 This being true, it follows that the “ lines of road ” in question extend from Cincinnati to Cleveland and Toledo, respectively ; that they are competing, and in their general features parallel; and their consolidation is open to the objections so well announced and discussed in the opinion of the Chief Justice and of Judge Johnson.